Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50093 | **DATE** | 12/20/2012 |
| **CASE TITLE** | Moore vs. Chrysler Corp., et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, defendant's motion for summary judgment is granted. Judgment is entered in favor of defendant and against plaintiff. This case is terminated.

*Philip G. Reinhard*

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT - OPINION

Plaintiff, Timothy T. Moore, Jr., pro se, brings this action against defendant, Chrysler Group, LLC, his former employer, claiming race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) and 42 U.S.C. § 1981[1]. Plaintiff is African-American. His complaint alleges he was wrongfully terminated and that defendant failed to stop harassment. Defendant moves for summary judgment.

Defendant served plaintiff with the "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" required by LR56.2. This notice advised plaintiff of his obligation to comply with Fed. R. Civ. P. 56(e) and LR56.1. Plaintiff did not file a response to defendants LR56.1(a)(3) statement of facts as required by LR56.1(b)(3)(A) nor a statement of additional facts as allowed by LR56.1(b)(3)(B). The court, therefore, accepts the facts as presented in defendant's LR56.1(a)(3) statement of facts, as true for purposes of the summary judgment motion. Patterson v. Indiana Newspapers, Inc., 589 F.3d 357, 359-60 (7th Cir. 2009) (court entitled to require strict compliance with local summary judgment rules); Greer v. Bd. of Educ. of City of Chicago, 267 F.3d 723, 727 (7th Cir. 2001) (pro se litigant must comply with local summary judgment rules).

Plaintiff began working for defendant May 24, 1993. On April 3, 2006, plaintiff failed to fully seat the connector to the airbag in a vehicle he was assembling. The next day he did the same and was issued a written counseling report which explained his actions constituted poor workmanship and violations of defendant's Standards of Conduct and advised any further violation could result in discipline up to and including discharge. On April 11, 2006, he was issued a written supervisor's report for failing to push in the locking tab on the side airbag he was installing. On April 24, 2006, plaintiff failed to fully seat the connection from the body harness to the right side airbag on a vehicle he was assembling. He received a one-day disciplinary layoff. On May 15, 2006, he committed the same error and received a three-day disciplinary layoff. On October 11, 2006, he failed to install a sunroof and received a five-day disciplinary layoff. On October 26, 2006, plaintiff failed to install drain plugs in five vehicles and was issued a final written warning noting that the next infraction would result in discharge. On October 30, 2006, plaintiff failed to install a brake clip and was issued a discharge letter.

## STATEMENT - OPINION

On March 9, 2007, plaintiff received a conditional reinstatement memorandum. Pursuant to this memorandum, plaintiff was rehired as of March 12, 2007, for a twelve-month period conditioned on his agreement that if he violated the Standards of Conduct, including those pertaining to poor workmanship, within that twelve-month period, he would be immediately discharged. Plaintiff committed multiple acts of poor workmanship after his rehire including incorrectly installing transmission mounts on June 27, 2007, failing to install a door striker bolt on July 25, 2007, failing to install seat strikers on six cars on July 26, 2007, and failing to properly install the cold air duct in a vehicle on July 28, 2007. Plaintiff was again terminated on August 8, 2007.

During discovery, defendant produced a list of all its employees terminated from employment at the Belvidere Assembly Plant (where plaintiff worked) during the five years preceding his discharge. The list shows the terminated employees are of all races. Defendant also produced a list of all employees during that five-year period who, like plaintiff, were discharged for misconduct after having previously been terminated and reemployed pursuant to a conditional reinstatement. This list identifies whether the misconduct that led to discharge was poor quality of workmanship. The only two employees (other than plaintiff) who were terminated for poor quality of workmanship while on a conditional reinstatement agreement were white.

To survive a motion for summary judgment, plaintiff must set forth a prima facie case of discrimination under either the direct method or the indirect method. Under the direct method, plaintiff must show either direct or circumstantial evidence that discrimination motivated the adverse employment action. Hanners v. Trent, 674 F.3d 683, 691 (7th Cir. 2012). Under the indirect method, he must show that (1) he is a member of a protected class, (2) he was meeting his employer's legitimate performance expectations, (3) he suffered an adverse employment action, and (4) a similarly situated co-worker who is not a member of the protected class was treated more favorably. Luster v. Illinois Dep't of Corr., 652 F.3d 726, 730 (7th Cir. 2011).

Looking at the evidence set forth above, there is no direct or circumstantial evidence of a discriminatory motive in plaintiff's discharge. Nothing suggests race as a factor to support a prima facie case under the direct method.

As to the indirect method, the first and third prongs are clearly met. However, the evidence is overwhelming that plaintiff was not meeting his employer's legitimate performance expectations. Plaintiff committed numerous performance errors leading to various progressively more severe disciplinary actions. He was discharged for performance problems and conditionally rehired but the evidence shows his performance issues resurfaced after his conditional reinstatement. Plaintiff presented no contrary evidence that would tend show he was performing his job satisfactorily.

Plaintiff also fails to show similarly situated co-workers outside the protected class were treated more favorably. He presents no evidence of similarly situated white employees who were more favorably treated. The only evidence shows that two white employees, and no other African-American employees, were the only conditional rehire employees terminated for poor workmanship.

For the foregoing reasons, defendant's motion for summary judgment is granted.[2] Judgment is entered in favor of defendant and against plaintiff. This case is terminated.

---

1. The elements and proof for Section 1981 claims are essentially identical to Title VII claims and do not need to be separately analyzed. Brown v. Advocate South Suburban Hosp., No. 12-1135, 2012 WL 5870725, * 7, n.1 (7th Cir. Nov. 21, 2012).

2. Because the foregoing disposes of the case, the court need not address the question of the timeliness of plaintiff's EEOC charge. Also, while plaintiff's complaint mentions harassment, no evidence of harassment was presented.